**Frank GARLASCO, Plaintiff,**

v.

**John Foster DULLES, Secretary of State of the United States of America, Defendant.**

United States District Court
S. D. New York.
March 6, 1956.

Louis Schifrin, New York City, for plaintiff (David I. Shivitz, New York City, of counsel).

Paul W. Williams, U. S. Atty., S. D. New York, New York City, for defendant (George M. Vetter, Jr., New York City, of counsel).

THOMAS F. MURPHY, District Judge.

This action under Section 503 of the Nationality Act of 1940, 8 U.S.C. § 903 [1] is for a declaration that plaintiff is a national of the United States. It is the government's contention that plaintiff lost his nationality under Section 404(b) of the said Act, 8 U.S.C. § 804 [2] by virtue of continuously residing for three years in Italy, the country of his birth.

Plaintiff was born in Italy in 1893 and came to the United States in 1901. On July 28, 1932, he was issued a certificate

1. Now 8 U.S.C.A. § 1503.

2. Now 8 U.S.C.A. § 1484(a).

of citizenship by this court. He remained in the United States except for three rather brief periods from 1901 to the latter part of 1946. Commencing December 5, 1946, when he left by steamer for Europe, he lived abroad principally in Italy, until his return to the United States on December 29, 1948. He then lived in a New York City hotel until March 15, 1949, when he again left for Europe and again lived principally in Italy until his return to the United States on December 8, 1950. Computing these times of residence abroad they come to two years and two weeks at one time, and one year and nine months a second time.

It is the government's principal contention that between December 6, 1946 and December 6, 1949, plaintiff was residing continuously in Italy within the meaning of Section 404(b) and Section 104, 8 U.S.C. §§ 804(b), 504[3] of the Nationality Act of 1940, despite the admitted fact that he actually was in New York City for 2½ months during that three-year period. Plaintiff's position is that he did not reside "continuously" abroad for three years and that even if he did he comes within certain exceptions provided for in Sections 406(b) and (c), 8 U.S.C. § 806.[4]

Since plaintiff is entitled to prevail because of the government's failure to prove continuous residence it is unnecessary to consider plaintiff's other arguments.

■ Resolution of the issue depends on the proper construction to be given to the words "residing continuously" in Section 404(b). Residence is defined in Section 104 as the "place of general abode". Thus, before he can lose his nationality by Congressional fiat plaintiff must be shown to have maintained, in Italy, a place of general abode for three consecutive years. Clearly he did maintain such an Italian residence from December 5, 1946 to December 17, 1948, and from March 15, 1949 to December 8, 1950. This is evident both from plaintiff's protracted actual presence at Villa Gioiello during these periods, and from his own admissions contained in his passport application of July 18, 1950, his supplemental affidavit of the same date, and his affidavit of September 27, 1955. Certainly plaintiff's sallies across the nearby border into Switzerland (where, incidentally, he took advantage of the $400 exchange each time) were not sufficient to interrupt the continuity of his residence in Italy. Indeed, were it held to the contrary, Section 104 would be devoid of meaning since "continuous residence" would then become the equivalent of uninterrupted physical presence. Such was never meant to be the test.

■ However, in this case plaintiff left Italy during the period in question and returned to the United States for 2½ months. A temporary visit to the United States does not necessarily break the continuity of residence or general abode in Italy. The factual question still remains: Where was plaintiff's place of general abode during the brief period he was in the United States? In cases of this nature the burden is on the government to prove that the place of general abode remained in Italy. This is a heavy burden. Cf. Baumgartner v. U. S., 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525; Gonzales v. Landon, 350 U.S. 920, 76 S. Ct. 210. The only evidence introduced in this regard was plaintiff's application for an extension of his passport less than one month after his return to this country. The inference to be drawn from this is that plaintiff intended to hasten back to Italy and did not intend to tarry and reside here. But what plaintiff intended is immaterial. Savorgnan v. United States, 338 U.S. 491, 70 S.Ct. 292, 94 L.Ed. 287. While the absence of physical presence does not, without more, negative residence, actual physical presence is strong evidence of residence in the place where plaintiff is physically found. And it must be held to be conclusive unless the government produces

3. Now 8 U.S.C.A. §§ 1484(a), 1101(a) (33).

4. Now 8 U.S.C.A. § 1485(4, 5).

other evidence of facts or surrounding circumstances which tend to destroy the inference. This the government has wholly failed to do.

Thus, plaintiff is entitled to a declaration to the effect that he was a national of the United States on March 2, 1951, the date when he was informed by defendant's predecessor that he lost his nationality.

This opinion is filed in lieu of findings of fact and conclusions of law. Rule 52 (a), Fed.Rules Civ.Proc. 28 U.S.C.A.

Judgment accordingly.